**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DOES 1-35, and UNKNOWN NAMED
DOES 1-1000,

        Plaintiff(s),

    v.

THE STATE OF NEVADA *ex rel. Aaron Ford,
Attorney General of the State of Nevada*;
GEORGE TOGLIATTI, *Director of the Nevada
Department of Public Safety*;
NATALIE WOOD, *Chief Parole and Probation
Division of the Nevada Department of Public
Safety*; CHRISTOPHER DERICO; *Chair of the
Nevada Board of Parole Commissioners*; et al.,

        Defendant(s).

Case No. 2:15-cv-01638-RFB-DJA

**ORDER**

## I.    INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 145) and Defendants' Rule 59 Motion to Alter or Amend Judgment (ECF No. 149).

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed their first Complaint on August 25, 2015. ECF No. 1. The complaint challenges the retroactive application of movement and residency restrictions to Plaintiffs, who are all registered sex offenders on several constitutional grounds, including the Ex Post Facto Clause. On January 21, 2016, the parties stipulated to the dismissal of Defendants Lombardo, Moers, and Perez. ECF Nos. 33, 34. On September 9, 2016, the Court granted Plaintiff leave to

file an amended complaint and dismissed a pending motion to dismiss without prejudice. ECF No. 42. Plaintiff filed the first amended Complaint on October 11, 2016. ECF No. 45. Defendants Conmany, Laxalt, Wood, and Wright filed an Answer on October 25, 2016. ECF No. 32. On April 23, 2018, Plaintiffs filed a Motion for Partial Summary Judgment. ECF No. 68.  Defendants responded on May 14, 2018. ECF No. 70. Plaintiffs replied on May 28, 2018. ECF No. 72.

On January 17, 2019, the Court denied the motions to dismiss/summary judgment and granted Plaintiffs leave to amend the complaint to add the State Board of Parole Commissioners. ECF No. 75. The Court also reopened discovery for 120 days. Plaintiff filed the operative second amended complaint on January 28, 2019. ECF No. 76. Defendants answered the amended complaint on March 5, 2019. ECF No. 94. A settlement conference occurred on June 25, 2019. A settlement was not reached. ECF No. 108. Plaintiffs Does 1-35 filed their second motion for summary judgment on September 16, 2019. ECF No. 112. A response and reply were filed. ECF Nos. 116, 118. On March 9, 2020, the Court heard oral argument on the motion. ECF No. 127. On September 29, 2020, the Court issued a written order on the motion. ECF No. 148. Defendants filed a Rule 59 Motion to Alter or Amend Judgement or in the alternative Rule 60 Motion for Reconsideration. ECF No. 149.

On September 14, 2020, Defendants filed a Motion for Summary Judgment. ECF No. 145. A response and reply were filed. ECF Nos. 150, 152.

This written order follows.

### III.    FACTUAL BACKGROUND

#### a.  Undisputed Facts

The Court incorporates by reference the undisputed facts in the Order granting Motion for Summary Judgment (ECF No. 148).

### b. Disputed Facts

The Court finds there to be no disputed facts.

## IV.    LEGAL STANDARD

### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### b. Rule 59 Motion to Alter Judgment

Rule 59(e) allows for a motion to alter or amend a judgment within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend

or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Caleron, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999).  But the relief provided for is extraordinary and "should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell, 197 F.3d at 1255).  The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

### c.  Rule 60(b) Motion to Reconsider

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See Mackey v. Hoffman, 682 F.3d 1247, 1250 (9th Cir. 2012).

### V.    DISCUSSION

### a.  Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment as a matter of law because all Defendants named in their individual capacities are entitled to the protections of qualified

4

immunity. For the reasons stated in the Court's previous order on Plaintiffs' Motion for Summary Judgement and which are incorporated here by reference, the Defendants' motion is denied. Qualified immunity is not available for prospective injunctive relief. See Hydrick v. Hunter, 669 F.3d 937, 939–40 (9th Cir. 2012) ("Qualified immunity is only an immunity from a suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief."). While the Nevada Supreme Court has not explicitly held the same for discretionary immunity, the Ninth Circuit has held that discretionary function immunity does not apply to violations of the Constitution or the Federal Tort Claims Act, from which Nevada's discretionary act immunity statute is derived. See Nurse v. United States, 226 F.3d 996, 1002 (9th Cir. 2000) (noting that even though generally policies are subject to discretionary act immunity, "governmental conduct cannot be discretionary if it violates a legal mandate"); Martinez v. Maruszczack, 168 P.3d 720, 727 (Nev. 2007).

### b.  Rule 59 Motion to Alter Judgment/Rule 60 Motion to Reconsider

Defendants ask this Court to modify the injunction issued in its Order (ECF No. 148). The scope of injunctive relief is properly dictated by the extent of the violation established. Califano v. Yamasaki, 442 U.S. 682, 702 (1979). An overbroad injunction is an abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1297–98 (9th Cir. 1992). An injunction is overbroad where it is not tailored to eliminate only the specific harm alleged, goes beyond what would be required to remedy the harm, or enjoins conduct that has not been found to violate law. See Id.; see also Skydive Arizona, Inc. v. Quattrocchi, 673 F.3d 1105, 1116 (9th Cir. 2012); Addington v. US Airline Pilots Ass'n, 791 F.3d 967, 1000 (9th Cir. 2015); McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). However, an injunction should not be so narrow as to invite easy evasion. Skydive Arizona, Inc., 673 F.3d at 1116.

5

Under the standards enunciated above, the Court finds that the injunction would benefit from clarification in order to tailor it to the specific harm demonstrated by the Plaintiffs in this case. It was not the intent of the Court to address in its injunctive order any release conditions that were not the subject of and disputed in this litigation. Accordingly, the Court will clarify the injunction in its order below.

## VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 145) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Rule 59 Motion to Alter or Amend Judgment (ECF No. 149) is GRANTED in part. The injunction issued in ECF No. 148 is hereby VACATED. A clarified injunction is issued below.

**IT IS FURTHER ORDERED** that Defendants are permanently enjoined from enforcing any retroactive imposition of residency and movement restrictions not specifically set forth in NRS 213.1243 before October 1, 2007 to any plaintiffs who meet the following conditions:

1. The plaintiff's last relevant criminal offense occurred before October 1, 2007.

2. A "relevant" criminal offense is any offense that would trigger the movement and residency restrictions of SB 471.

**IT IS FURTHER ORDERED** that a status conference is set in this case for November 9, 2021 at 11:45 AM by videoconference.  The instruction for videoconference appearance to be issued. The status conference will, in part, address the issue of damages.

DATED: <u>September 30, 2021</u>.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

6